MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANTONIO PEREZ and SANDRA MENA
FLORES, *individually and on behalf of others*
*similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| LIBERTY FOOD ENTERPRISES, INC. | |
| (D/B/A STAGE STAR DELI), SANJIV | **ECF Case** |
| CHAND and ANDRES GARCIA, | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiffs Antonio Perez and Sandra Mena Flores, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against LIBERTY FOOD ENTERPRISES, INC. (d/b/a Stage Star deli), ("Defendant Corporation"), SANJIV CHAND and Andres Garcia, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants LIBERTY FOOD ENTERPRISES, INC. (d/b/a Stage Star deli), SANJIV CHAND and Andres Garcia.

2.      Defendants own, operate, or control a Deli, located at 105 W.55th Street, New York, New York 10019 under the name "Stage Star deli".

3.      Upon information and belief, individual Defendants SANJIV CHAND and Andres Garcia, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.      Plaintiffs were employed as a dishwasher, delivery worker, salad preparer and a cashier at the deli located at 105 W.55th Street, New York, New York 10019.

5.      Plaintiff Perez was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to delivery work, including but not limited to dishwashing (hereinafter non-tip duties).

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7.      Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Perez as a delivery worker in their payroll, but in actuality Plaintiff Perez's duties required greater or equal time spent in non-tipped, non-delivery duties.

10.     Regardless, at all times Defendants failed to pay Plaintiff Perez at the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Perez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Perez's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Perez at the minimum wage rate and enabled them to pay them at a lowered tip credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Deli located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

19.     Plaintiff Antonio Perez ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Queens County, New York.

20.     Plaintiff Perez was employed by Defendants at Stage Star deli from approximately January 2015 until on or about June 2019.

21.     Plaintiff Sandra Mena Flores ("Plaintiff Mena Flores" or "Ms. Mena Flores") is an adult individual residing in Bronx County, New York.

22.     Plaintiff Mena Flores was employed by Defendants at Stage Star deli from approximately 2014 until on or about March 2020.

### *Defendants*

23.     At all relevant times, Defendants owned, operated, or controlled a Deli, located at 105 W.55th Street, New York, New York 10019 under the name "Stage Star deli".

24.     Upon information and belief, LIBERTY FOOD ENTERPRISES, INC. (d/b/a Stage Star deli) is a domestic corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business at 105 W.55th Street, New York, New York 10019.

25.     Defendant SANJIV CHAND is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SANJIV CHAND is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant SANJIV CHAND possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Andres Garcia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andres Garcia is sued individually in his capacity as manager of Defendant Corporation. Defendant Andres Garcia possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate a Deli located in the Midtown West section of Manhattan in New York City.

28.     Individual Defendants, SANJIV CHAND and Andres Garcia, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, referred to herein.

31.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendant SANJIV CHAND operates Defendant Corporation as an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this Corporation as a closed corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

35.     In each year from 2015 to 2020, Defendants both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise directly engaged in interstate commerce. As an example, numerous items that are used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

37.     Plaintiffs are former employees of Defendants who were employed as a dishwasher, delivery worker, salad preparer and a cashier.

38.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Antonio Perez*

39.     Plaintiff Perez was employed by Defendants from approximately January 2015 until on or about June 2019.

40.     Defendants employed Plaintiff Perez as a dishwasher and delivery worker from approximately January 2015 until on or about June 2016 and as a salad preparer from approximately July 2016 until on or about June 2019.

41.     Plaintiff Perez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.     Plaintiff Perez's work duties required neither discretion nor independent judgment.

43.     Throughout his employment with Defendants, Plaintiff Perez regularly worked in excess of 40 hours per week.

44.     From approximately August 2015 until on or about June 2016, Plaintiff Perez worked as a dishwasher and delivery worker from approximately 9:00 a.m. until on or about 8:00 p.m. Mondays through Fridays and from approximately 6:00 a.m. until on or about 4:00 p.m.  on Saturdays (typically 65 hours per week).

45.     From approximately July 2016 until on or about June 2019, Plaintiff Perez worked as a salad preparer from approximately 5:00 a.m. until on or about 4:00 p.m.  Mondays through Fridays and from approximately 6:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 65 hours per week).

46.     Throughout his employment, Defendants paid Plaintiff Perez his wages in cash.

47.     From approximately July 2015 until on or about June 2016, Defendants paid Plaintiff Perez a fixed salary of $300 per week.

48.     From approximately July 2016 until on or about 2017, Defendants paid Plaintiff Perez a fixed salary of $650 per week.

49.     From approximately 2017 until on or about June 2019, Defendants paid Plaintiff Perez a fixed salary of $750 per week.

50.     From Approximately August 2015 until on or about June 2016, Defendants never granted Plaintiff Perez any breaks or meal periods of any kind.

51.     Although from approximately July 2016 until on or about June 2019, defendants granted Plaintiff Perez 30 minutes for meal breaks, they interrupted these breaks at least two times a week.

52.     Defendants required Plaintiff Perez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

53.     In addition, once a month, Plaintiff Perez was required to sign a document in English which he could not understand, and Defendants never explained what they were making him sign.

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

55.     Defendants never provided Plaintiff Perez an accurate statement of wages, as required by NYLL 195(3).

56.     Defendants never gave any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.     Defendants required Plaintiff Perez to purchase "tools of the trade" with his own funds—including two  bicycles and 2 pairs of non-slipping shoes.

*Plaintiff Sandra Mena Flores*

58.     Plaintiff Mena Flores was employed by Defendants from approximately 2014 until on or about March 2020.

59.     Defendants employed Plaintiff Mena Flores as a cashier.

60.     Plaintiff Mena Flores regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

61.     Plaintiff Mena Flores's work duties required neither discretion nor independent judgment.

62.     From approximately August 2015 until on or about December 2018, Plaintiff Mena Flores worked from approximately 7:00 a.m. until on or about 3:00 p.m. six days a week (typically 48 hours per week).

63.     From approximately January 2019 until on or about March 2020, Plaintiff Mena Flores worked from approximately 7:00 a.m. until on or about 1:00 p.m. to 2:00 p.m. six days a week (typically 36 to 42 hours per week).

64.     Throughout her employment, Defendants paid Plaintiff Mena Flores her wages in a combination of check and cash.

65.     From approximately August 2015 until on or about December 2018, Defendants paid Plaintiff Mena Flores $10.00 per hour.

66.     From approximately January 2019 until on or about March 2020, Defendants paid Plaintiff Mena Flores $15.00 per hour.

67.     Defendants required Plaintiff Mena Flores to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

68.     In addition, once a month, Plaintiff Mena Flores was required to sign a document in English which she could not understand, and Defendants never explained what they were making her sign.

69.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mena Flores regarding overtime and wages under the FLSA and NYLL.

70.     Defendants did not provide Plaintiff Mena Flores an accurate statement of wages, as required by NYLL 195(3).

71.     In fact, Defendants adjusted Plaintiff Mena Flores's paystubs so that they reflected inaccurate wages and hours worked.

72.     Defendants did not give any notice to Plaintiff Mena Flores, in English and in Spanish (Plaintiff Mena Flores's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

73.     Defendants required Plaintiff Mena Flores to purchase "tools of the trade" with her own funds—including decorations.

*Defendants' General Employment Practices*

74.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

75.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

76.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

77.     From approximately August 2015 until on or about June 2016, Defendants required Plaintiff Perez to perform general non-tipped tasks in addition to his primary duties as a delivery worker.

78.     From approximately August 2015 until on or about June 2016, Plaintiff Perez was employed ostensibly as a tipped employee by Defendants, although his actual duties included greater or equal time spent performing non-tipped duties.

79.     From approximately August 2015 until on or about June 2016, Plaintiff Perez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

80.     From approximately August 2015 until on or about June 2016, Plaintiff Perez was paid at a rate that was lower than the required lower tip-credit rate by Defendants.

81.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

82.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

83.     In violation of federal and state law as codified above, Defendants classified Plaintiff Perez as a tipped employee and paid him at a rate that was lower than the lower tip-credit rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

84.     On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

85.     Defendants required Plaintiffs to sign a document in order to receive their weekly wages.

86.     Defendants paid Plaintiffs their wages in cash and in a combination cash and check.

87.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

88.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

89.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

90.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

91.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

92.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

93.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

94.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

95.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

96.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

98.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

99.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

100.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

101.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rates was willful within the meaning of 29 U.S.C. § 255(a).

102.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

103.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

106.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

107.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

109.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

110.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

111.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

112.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

114.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.    Defendants failed to pay Plaintiff Perez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Perez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

118.    Defendants' failure to pay Plaintiff Perez an additional hour's pay for each day Plaintiff Perez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

119.    Plaintiff Perez was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

122.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

123.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

125.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

126.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.   Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

128.   Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)   Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)   Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)   Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)   Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)   Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(j)     Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(l)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

September 1, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                          Telephone: (212) 317-1200
New York, New York 10165                                                          Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 24, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Sandra Mena Flores

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _Sandra Mena_

Date / Fecha:                     24 de agosto 2021

*Certified as a minority-owned business in the State of New York*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                   Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
_____

Faillace@employmentcompliance.com

July 30, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Antonio Perez
Legal Representative / Abogado:   Michael Faillace Associates, P.C.

Signature / Firma:    _____

Date / Fecha:          20 de julio 2021 _____

*Certified as a minority-owned business in the State of New York*